UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DATQUNN SAWYER,<br>KEVIN SHARP, and<br>WAYMOND ORR | No. 10 CR 744 - 1,2 and 3<br><br>Judge Charles P. Kocoras |

## AGREED PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. §§ 3509(d) and 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and employees of defendants, including defendants's counsel and persons hired by defendants or defendants's counsel to provide assistance in the proceeding, shall keep the materials in a secure place to which no person who does not have reason to know their contents has access.

3. Defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

4. Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

8. To the extent any material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order, and that the person who makes the filing shall submit to the clerk of the court --

    a. the complete paper to be kept under seal; and

    b. the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

10. Counsel for the government and counsel for defendant shall provide one another with a copy of each unredacted pleading filed in this case, provided that such pleading is not filed in camera.

11. A violation of this order that results in a knowing or intentional violation of 18 U.S.C. § 3509 is a criminal contempt punishable by up to a year in prison and a fine, or both, pursuant to 18 U.S.C. § 403.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

                                    ENTER:

                                    */s/ Charles P. Kocoras*
                                    CHARLES P. KOCORAS
                                    District Judge
                                    United States District Court
                                    Northern District of Illinois

Date:   January 18, 2011